UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL NORMAN PITTMAN                      CIVIL ACTION

VERSUS                                      NO: 07-3790

STANDARD INSURANCE CO., ET                  SECTION: "A" (1)
AL.

### ORDER AND REASONS

Before the Court is a **12(b)(6) Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (Rec. Doc. 60)** filed by defendant The Paul Revere Life Insurance Co. ("Defendant"). Plaintiff, Michael Norman Pittman, M.D. ("Plaintiff"), opposes the motion. The motion, set for hearing on October 29, 2008, is before the Court on the briefs without oral argument.

This is a dispute over disability insurance payments. Plaintiff, a surgeon, contends that injuries sustained on November 25, 2005, have rendered him totally disabled. On September 8, 2008, Plaintiff filed a Second Supplemental and Amended Complaint (Rec. Doc. 57) in which he adds an allegation of anticipatory breach. Defendant now moves to dismiss that claim arguing that Plaintiff cannot demonstrate the necessary elements of anticipatory breach under Louisiana law.

Motions to dismiss are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559,

570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)).  In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint.  Id. (citing C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995)).  "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. Id. (quoting C.C. Port, Ltd., 61 F.3d at 289).  It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."  Id. (quoting Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)).

    Defendant's motion is DENIED.  Plaintiff's amended complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a).  At this juncture the Court cannot be certain that Plaintiff cannot prove any set of facts that would entitle him to the relief that he seeks.  The issue of whether Plaintiff can ultimately meet his burden of proof with respect to the claim is simply not before the Court at this time.  Therefore, dismissal pursuant to Rule 12(b)(6) is not appropriate.

    Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **12(b)(6) Motion to Dismiss Pursuant For Failure To State A Claim Upon Which Relief Can Be Granted (Rec. Doc. 60)** filed by defendant The Paul Revere Life Insurance Co. is **DENIED**.

November 3, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE